UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>OLAJUWON SHAKII BLAKE<br>and MAKENNA FAYE PATTY,<br><br>          Defendants. | No. 3:25-CR-136-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Olajuwon Shakii Blake's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 26], filed on January 5, 2026, and Codefendant Makenna Patty's Motion to Adopt Motion to Continue Trial and All Other Deadlines, filed on January 7, 2026 [Doc. 28].

Defendant Blake requests the Court to continue the motion deadline, set for January 5, 2026, the plea deadline, set for January 9, 2026, and the trial, set for February 10, 2026 [Doc. 26 ¶ 1]. In support of his motion, Defendant states that his counsel requests the additional time to allow for research and investigation to be completed to determine whether to file pretrial motions [*Id.* ¶ 2]. Defendant had his initial appearance on December 18, 2025, and an initial discovery disclosure was made shortly thereafter [*Id.*]. Defendant represents that discovery is voluminous, as it appears the investigation has spanned multiple years [*Id.*]. Further, the Government has indicated that a supplemental discovery disclosure is imminent [*Id.*]. Defendant avers the additional time is required to continue receiving and reviewing the discovery, which contains

multimedia items that must be reviewed with Defendant in-person using appropriate technology [*Id.*]. The motion states that Defendant is currently in custody in Laurel County, Kentucky, which necessitates additional time for travel and consultation to accomplish even the most basic objectives for his case [*Id.*]. Furthermore, Defendant's counsel needs additional time to review potential sentencing guidelines with Defendant [*Id.*]. Defendant understands that the period of time between the filing of his motion and a rescheduled court date will be fully excludable time for speedy trial purposes [*Id.* ¶ 4]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5].

Codefendant Patty moves to adopt Defendant Blake's motion to continue trial and all other deadlines and represents that she is similarly situated [Doc. 28 p. 1]. Codefendant Patty understands the period of time between the filing of the motion to continue and a rescheduled court date will be fully excludable time for speedy trial purposes [*Id.*].

Based on the information in Defendant Blake's and Defendant Patty's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendants need the additional time to receive and review discovery, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Olajuwon Shakii Blake's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 26**] and Codefendant Makenna Patty's Motion to Adopt Motion to Continue Trial and All Other Deadlines [**Doc. 28**]. The trial of this case is reset to **June 2, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on January 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Olajuwon Shakii Blake's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 26**] and Codefendant Makenna Patty's Motion to Adopt Motion to Continue Trial and All Other Deadlines [**Doc. 28**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **June 2, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 5, 2026**, and the new trial date of **March 31, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **February 5, 2026**. Responses to pretrial motions are due on or before **February 19, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 1, 2026**;

(6) the deadline for filing motions *in limine* is **May 18, 2026**. Responses to motions *in limine* are due on or before **March 26, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **May 19, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 22, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge